UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH NASH,<br><br>                Petitioner,<br>     v.<br>BETH GRAVES,<br><br>                Respondent. | Case No.  C10-5151RBL/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 11, 2010** |

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

On March 9, 2010, the court entered an Order to Show Cause as to why this case should not be dismissed because petitioner states in the petition that he still has issues pending in state court (Dkt. # 30).  Petitioner has responded to the Order to Show Cause and asks that his petition be stayed (Dkt. # 6).  Because petitioner does not show good cause for staying the petition, the court recommends that his petition be DISMISSED WITHOUT PREJUDICE.

REPORT AND
RECOMMENDATION - 1

DISCUSSION

Petitioner is challenging a Lewis County conviction and sentence. He names a probation officer as respondent (Dkt. # 1, proposed petition). While he does not identify the crime he was convicted of, he states that he was sentenced to 107 months incarceration and 36 months of community custody (Dkt. # 1). Petitioner filed a direct appeal and collateral challenges to his conviction and sentence (Dkt. # 1, proposed petition). He states that at least one petition in state court was dismissed as time barred (Dkt. # 1, page 4).

He also states that the Washington Court of Appeals "just received his opening brief" on another collateral challenge to this conviction (Dkt. # 1, page 4). He is alleging that he is now serving an exceptional sentence, rather than a sentence within the standard range.

Further, Petitioner provides information showing that he has previously filed a habeas corpus action regarding this conviction but he does not provide a docket number (Dkt. # 1, page 12). Because no further information has been provided regarding the prior habeas corpus petition, that petition has not been considered in this Report and Recommendation.

A.   *Exhaustion.*

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing his petition in federal court. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). In order to bring the issue to this court, petitioner must have exhausted these claims at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts. Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). The state courts must also be given the opportunity to

REPORT AND
RECOMMENDATION - 2

rule before the federal court may rule on the petition. Since a petition is pending in the Washington State Court of Appeals, petitioner's claims are unexhausted and they are subject to dismissal without prejudice. Rose v. Lundy, 455 U.S. 509 (1982).

B. *Stay of petition.*

In his response to the Order to Show Cause, petitioner asks that his petition be stayed. The United States Supreme Court has addressed stay and abeyance of habeas corpus petitions. Rhines v. Weber, 544 U.S. 269 (2005). A district court has discretion to stay a petition, but the court's discretion has had limits placed on it by the passage of the Antiterrorism and Effective Death Penalty Act, AEDPA.

Petitioner must show good cause for staying a petition. The petitioner in this cause has failed to make a showing of good cause. Accordingly, the petition should be DISMISSED WITHOUT PREJUDICE.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

REPORT AND
RECOMMENDATION - 3

## CONCLUSION

This petition is unexhausted. It should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 11, 2010, as noted in the caption.

DATED this 11th day of May, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 4